# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE JACKSON, | ) | |
| Plaintiff, | ) ) ) | No. 08 C 1958 |
| v. | ) ) ) | Judge Conlon |
| JOE PARKER, | ) ) | Magistrate Judge Cole |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff has moved to "Quash Defendant Parker's Subpoenas to Michael Levinsohn, Marc Gottreich, Garth Services Corp., F.H. Paschen, The Walsh Group, Pepper Construction, and Best Homes, Inc." [30]. The Motion is granted in part and denied in part. The subpoena to Mr. Parker's former attorneys, Messrs. Levinsohn and Gottreich, is overbroad as drafted since it calls for documents within the attorney/client privilege. Indeed, the subpoena could not be more broadly drafted since it literally calls for all documents and records relating to the representation of Mr. Parker in an unrelated case. The defendant is granted leave to re-serve a properly drafted subpoena in accordance with the discussion in court today. Counsel for the plaintiff has represented that he has no objection to such a subpoena. The motion to quash is, however, denied as it pertains to the plaintiff's former employers.

The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense .... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Thus, a subpoena should not be enforced to

the extent, *inter alia*, it seeks irrelevant information. *Mosely v. City of Chicago*, 252 F.R.D. 421, 430 (N.D.Ill. 2008). While there is a legitimate privacy interest in one's personnel files, that interest is not absolute, and does not inevitably trump other legitimate, competing interests in the case. It is important to distinguish between a broad-based request for the personnel files of third parties – which routinely occurs in employment discrimination cases, *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309 (7th Cir. 2003) – and a specific request for the personnel files of a party to the litigation. The latter is not as intrusive as the former, and the privacy interests implicated take on a different dimension. In the last analysis, a party cannot draw a conjurer's circle around his own personnel file, for the permissibility of the subpoena is determined, not by the label affixed to the information, but by whether the information sought is relevant within the expansive meaning of Rule 26, Federal Rules of Civil Procedure. With personnel files, as with other kinds of information, these are matters committed to the exceedingly broad discretion invested in the district court to supervise discovery. *See Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994).

Contrary to the common law's sporting theory of justice, 6 Wigmore, Discovery § 1845 at 490 (3rd Ed.1940), the Federal Rules of Civil Procedure provide for liberal discovery. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." As expansive as the definition of relevancy is under Rule 401 of the Federal Rules of Evidence, *United States v. Murzyn*, 631 F.2d 525, 529 (7th Cir.1980); *United States v. Marks*, 816 F.2d 1207, 1211 (7th Cir.1987), the standard under the discovery provisions of the Federal Rules of Civil Procedure is even broader. *Hofer v. Mack Trucks*, 981 F.2d 377 (8th Cir.1992). *See also Tome v. United States*, 513 U.S. 150 (1995); *United States v. Pollard*, 790 F.2d 1309, 1312 (7th Cir. 1986).

2

The information sought by the subpoena to the plaintiff's former employers is relevant. The claim in this case, in part, is that Mr. Jackson's encounter has left him emotionally scarred. Mr. Jackson's emotional behavior prior to the incident that is the subject of the present case could scarcely be more pertinent, and his personnel files at his prior employers are reasonably likely to lead to the discovery of admissible evidence. *See e.g., Hodgdon v. Northwestern University*, 245 F.R.D. 337 (N.D.Ill. 2007).[1] Moreover, the files could contain information that bears upon Mr. Jackson's credibility. *See* Rule 608(a) and (b), Federal Rules of Evidence. It is no answer to say that the subpoenas constitute a "fishing expedition," for *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004)(Posner, J.) teaches that "pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes."

The defendant has agreed to an "attorney's eyes only" protective order for the personnel files. Counsel for the defendant shall prepare such an order, submit it to the plaintiff's counsel for approval as to form, and promptly provide it to the court for entry. Counsel for the defendant shall also provide to the plaintiff's counsel a copy of the letter he referred to in court from Cook County informing him that the files relating to the plaintiff cannot be found. Finally, counsel for the plaintiff shall provide to the defendant within 14 days, or sooner if possible, all documents which refer, reflect or relate to the plaintiff's economic damages as discussed in open court. Counsel are reminded of their disclosure obligations under Rule 26 and of their obligations to supplement discovery in a timely way.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/6/08

---

[1] The personnel files might well contain evidence that supports the plaintiff's theory. Either way, the evidence, if it exists, is obviously relevant, and one cannot know whether the information does exist in the personnel files until they are examined.

3