**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1958 |
| v. | ) | Judge Suzanne B. Conlon |
| | ) | |
| P.O. JOE DORTHA PARKER #17669, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS

## I. The Law Enforcement Investigatory Privilege exists in this case and therefore the subpoenas for deposition should be quashed.

### a. Since there is an ongoing criminal investigation into the conduct of Officer Parker, the deposition testimony of Assistant State's Attorneys Navarro and O'Reilly must not be allowed to proceed at this time.

The case of *Kampinen v. Individuals of Chicago Police Department*, 2002 U.S. Dist. LEXIS 2561, No. 00 C 5867, 2002 WL 238443 (N.D. Ill. Feb. 19, 2002), sets out the factors that must be considered by courts to determine the existence of the law enforcement privilege. They are: 1) the extent to which disclosure thwart governmental processes by discouraging citizens from giving the government information; 2) the impact upon persons who have given information of having their identities disclosed; 3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; 4) whether the information sought is factual data or evaluative summary; 5) whether the party seeking discovery is an actual or potential defendant in any criminal

proceeding either pending or reasonably likely to follow from the incident in question; 6) whether the police investigation has been completed; 7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; 8) whether the plaintiff's suit is non-frivolous and brought in good faith; 9) whether the information sought is available through other discovery or from other sources; and 10) the importance of the information sought to plaintiff's case. *Kampinen*, 2002 U.S. Dist. LEXIS 2561, at *3-4.

Here, several factors are present that support Respondents' position that their subpoenas for deposition should not proceed at this time. First, the police investigation has not been completed, as there is an ongoing criminal investigation into Parker's conduct while working as a Chicago police officer and criminal charges may be brought against Parker. Next, if the depositions were allowed to proceed, it is expected that each assistant state's attorney will be asked questions about her evaluative process and mental impressions, conclusions, opinions and mental theories emanating from the "ride-along". If so, such evaluative summary is protected under the law enforcement privilege, as well as by FRCP 26 (b)(3). Therefore, in light of the presence of several factors that support the applicability of the law enforcement investigatory privilege, these depositions should be quashed.

**b. Since there is a pending criminal prosecution into the conduct of Officer Parkers, the court has the discretion to stay discovery, including the deposition testimony of Assistant State's Attorneys Navarro and O'Reilly.**

The court can consider the fact that there is a pending criminal prosecution in determining whether to order that discovery proceed in a civil lawsuit. In *Benevolence International Foundation, Inc. v. Ashcroft*, 200 F.Supp.2d 935, 2002 U.S. Dist. LEXIS 8658 (N.D. 2002), the court ordered a stay of discovery until the conclusion of the parallel criminal case. In deciding to whether to stay civil proceedings, a court may consider a variety of factors, such as: (a) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay; (b) the burden which any particular aspect of the proceedings may impose of the defendant; (c) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (d) the interests of persons not parties to the civil litigation; and (e) the interest of the public in pending civil and criminal litigation. *Benevolence Int'l Foundation, Inc.*, 2002 U.S. Dist. LEXIS 8658, at *4. In its decision, the court determined that the convenience of the court in the management of its cases, and the efficient use of judicial resources favored a stay, considering that the civil proceedings were just beginning and no discovery had taken place. *Benevolence Int'l Foundation, Inc.*, 2002 U.S. Dist. LEXIS 8658, at *6.

In the instant case, upon information and belief, there has been limited written discovery to date. Moreover, there have been no depositions taken in the case. Therefore, like the court in *Benevolence Int'l Foundation, Inc.,* this court should exercise its discretion and, at this time, stay the depositions of the two assistant state's attorneys, who are potential witnesses in the criminal investigation and prosecution of Parker. Moreover, plaintiff will not be prejudiced in the delay of these depositions. Certainly, there are other depositions that can (and should) take place before the depositions of

ASA Vonah and ASA Lantz. Again, there is no urgency in proceeding with these depositions, which were received approximately ten (10) days ago.

## II. <u>Since there is an ongoing criminal investigation into the conduct of Defendant, Joe Dortha Parker, the production of investigatory documents, are protected by the Law Enforcement Investigatory Privilege and therefore the subpoenas for production of documents should be quashed.</u>

While the law enforcement investigatory privilege is not absolute, plaintiff must demonstrate a need for the privileged materials. *Dellwood Farms v. Cargill. Inc*., 128 F.3d 1122, 1125 (7th Cir. 1997). The balancing of the need of the litigant who is seeking the materials against the harm to the government if the privilege is lifted is a particularistic task that is confided to the discretion of the judge.[1] *Id*. The party claiming the privilege bears the burden of justifying its application. *Lewis*, 2004 WL 2608302, at *2 (citing *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. 111. 1997). The Seventh Circuit has noted, however, "that there ought to be a pretty strong presumption against lifting the privilege." *Dellwood*, 128 F.3d at 1125; *see also Rahman* v. *Chertoff*, No. 05 C 3761, 2007 WL 2892972, *6 (N.D. Ill., Sept. 28, 2007) (Judge Guzman citing this same language from *Dellwood*). Without such a presumption, the courts "will be thrust too deeply into the criminal investigative process" and would have to mediate between their desire to expedite

---

[1] Although some courts in the Northern District of Illinois have applied other jurisdictions' 10-factor test, the Seventh Circuit (and Judge Guzman) has rejected that test in favor of the balancing analysis. *Dellwood*, 128 F.3d at 1125; see also Lewis, 2004 WL 2608302, at *2$_7$ n. 2 (noting that: Seventh Circuit has not employed the test and finding the test unhelpful and unnecessary to the balancing analysis); *see also Rahman*, 2007 WL 2892972, at *6, n. 2 (Judge Guzman citing the same language from *Dellwood* and *Lewis*).

the civil litigation and the government's discretion in conducting its criminal investigation. *Id*.

In *Doe v. Hudgins*, plaintiffs served a subpoena on the Chicago Housing Authority seeking records relating to ongoing investigations by Chicago Housing Authority police or other authorities into the misconduct of the Defendant CHA police officer Hudgins. 175 F.R.D, 511 (N.D. 111. 1997). Plaintiffs were seeking those records for the purpose of showing deliberate indifference on the part of the CHA as a basis for section 1983 municipal liability. Id. at 516, Judge Denlow upheld the Chicago Housing Authority's assertion of investigatory privilege, noting, "Plaintiffs have pointed to no case, and this Court has found none, where a court ordered disclosure of investigatory files where criminal proceedings were pending." *Doe*, 175 F.R.D. at 517. Judge Denlow distinguished two civil rights cases, *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wis. 1972) and *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973), in which the court compelled disclosure of police investigation files because, in those cases, the investigation was complete and no criminal charges had been brought. Doe, 175 F.R.D. at 516-17. Also weighing toward disclosure in *Frankenhauser*, the discovery was "of extreme importance to the plaintiff's case." *Id.* at 517. But even in *Frankenhauser*., the court did not allow discovery of the "evaluative summary portion of the police investigative reports." *Id*.

In the instant case, Plaintiff has sued Joe Dortha Parker, a Chicago police officer, for false arrest following a traffic stop and subsequent arrest on May 10, 2006 for DUI. ASA Navarro had no involvement in this arrest and confinement. Therefore, his deposition would have no relevance to the present case. Accordingly, since Plaintiff cannot show how the deposition testimony of ASA Navarro is essential to her

lawsuit, Plaintiff fails to overcome the privilege and thus, the deposition of ASA Navarro must be quashed.

### III. <u>The subpoena for production of documents is overly broad, unduly burdensome, and irrelevant.</u>

A review of the subpoena for documents (Exhibit A-1) reveals that Plaintiff is seeking any and all documents related to any DUI arrests made by Parker. There is no limit as to time in said request. Therefore, it is clear that such an expansive, overbroad document request would produce irrelevant materials to Plaintiff's case. Moreover, if this production were ordered, it would require, at this time, an exorbitant amount of time to assemble and compile such documents. Accordingly, Respondent Alvarez requests that this subpoena be quashed; alternatively, if this court decides that the law enforcement investigatory privilege is not applicable so that production of documents is required, Respondent requests that the court limit said production to a reasonable and relevant period of time.

### <u>Conclusion</u>

Respondents have demonstrated that the law enforcement investigatory privilege would be applicable regarding the depositions of Assistant State's Attorney David Navarro and Assistant State's Lawrence X. O'Reilly. Additionally, the same privilege would apply regarding the production of investigatory documents. For all of the reasons set forth in Respondents' Motion and this Memorandum, Respondents request that this

Court issue an Order quashing the subpoenas for deposition issued to Assistant State's Attorneys Navarro and O'Reilly. In the alternative, Respondents request of stay of their depositions until the conclusion of the criminal investigation. Finally, Respondent Alvarez requests that the subpoena for documents be quashed.

Respectfully submitted,

Anita Alvarez
State's Attorney of Cook County

By:

/s/ John A. Ouska
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6461
No. 3127573
Attorney for Respondents