## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **WAYNE JACKSON,** | ) | |
| | ) | **Case No. 08 C 1958** |
| **Plaintiff,** | ) | |
| | ) | **Judge Conlon** |
| **v.** | ) | |
| | ) | **Magistrate Judge Cole** |
| **P.O. JOE DORTHA PARKER #17669,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT PARKER'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant, Joe Dortha Parker ("Defendant Officer"), by and through one of his attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submits the following memorandum of law in support of his motion for summary judgment, stating as follows:

### STATEMENT OF THE CASE

On April 7, 2008, plaintiff Wayne Jackson filed a one count complaint against the above named defendant under 42 U.S.C §1983.  Plaintiff's one complaint specifically alleges a Section 1983 claim for false arrest.  Defendant now moves for summary judgment with regard to Plaintiff's Section 1983 sole claim of false arrest.

### STATEMENT OF FACTS

The statement of uncontested facts is found in Defendant's Local Rule 56.1(a)(3) Statement of Uncontested Facts. ("Def. 56.1".)  A summary of the factual background of the case follows:

This action arises from Plaintiff's arrest on May 10, 2006 in Chicago, Illinois. (Def. 56.1 at ¶14.) On that date Defendant Officer Parker made a traffic stop of the Plaintiff as he was driving his vehicle.  (*Id.* at ¶11.)  The vehicle the Plaintiff was driving at the time of his arrest was a 2000 Chevrolet Silverado pickup truck.  (*Id.* at ¶4.)  Before curbing plaintiff, Defendant observed Plaintiff make an improper lane change.  (*Id.* at ¶10.)  Defendant observed the Plaintiff driving his vehicle in both the southbound middle and left lanes of Lake Shore Drive.  (*Id.* at ¶6.)  After Plaintiff was stopped he was subjected to a roadside sobriety test.  (*Id.* at ¶13.)  Plaintiff was arrested and charged with operating a motor vehicle under the influence of narcotics, failure to keep in lanes, failing to change his address with the Secretary of State, and driving an unsafe motor vehicle.  (*Id.* at ¶14.)  Plaintiff was not cited for operating a prohibited vehicle on Lake Shore Drive in Chicago.  (*Id.* at ¶17.)  On February 14, 2007, the Plaintiff was found guilty of failing to stay in lanes.  (*Id.* at ¶18.)

## **STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir.1998); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  A party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact, and such material must be viewed in a light most favorable to opposing party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1980).  The court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Jenkins*, 147 F.3d at 583.

After the defendant has made a motion for summary judgment, the nonmoving party has

the burden to present affirmative evidence showing a genuine issue regarding a material fact.

*Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 669 (7th Cir. 2005)

(quoting *Anderson*, 477 U.S. at 257).   The mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment.  *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007).   An issue of material fact is "genuine" if

disputes over such facts might affect the outcome of the suit under the governing law in favor of

the nonmoving party.  *Anderson,* 477 U.S. at 248.  A genuine issue for trial exists only when

evidence is such that a reasonable jury could return a verdict for nonmoving party.  *Contreras v.*

*City of Chicago*, 920 F.Supp. 1370, 1386 (N.D. Ill. 1996).

## <u>ARGUMENT</u>

**A.    THE EXISTENCE OF PROBABLE CAUSE BARS PLAINTIFF'S FALSE
ARREST CLAIM.**

The sole Count of Plaintiff's complaint alleges that Defendant Officer Parker falsely

arrested Plaintiff without probable cause in violation of his constitutional rights.   The uncontested

facts establish that Defendant Officer Parker had probable cause to arrest Plaintiff.

It is well established that the existence of probable cause for an arrest is an absolute bar to

a §1983 claim for false arrest.  *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006);

*Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991); *Schertz v. Waupaca County,* 875 F.2d

578, 582 (7th Cir. 1989).  The police have probable cause to arrest an individual when "the facts

and circumstances within their knowledge and of which they [have] reasonably trustworthy

information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had

committed or was committing an offense." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994).

Although probable cause requires more than bare suspicion, it need not be based on evidence sufficient to support a conviction, nor show that the officer's belief is more likely true than false. *Hughes v. Meyer*, 880 F.2d 967, 969-70 (7th Cir. 1989). Because of the ambiguity of situations with which the police are often confronted, the rule of probable cause permits mistakes which are reasonably made. *Id.* at 970. "In recognition of the endless scenarios confronting police officers in their daily regimen, courts evaluate probable cause 'not on the facts as an omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person *in the position of the arresting officer* - seeing what he saw, hearing what he heard.'" *Sheik-Abdi*, 37 F.3d at 1246 (emphasis in original). Furthermore, an arrest is not unlawful solely because the criminal offense for which there is probable cause to arrest is not closely related to the offense stated by the arresting officer at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Finally, an individual may be arrested for committing even a minor traffic violation. *Atwater v. City of Lago Vista*, 532 U.S. 318, 360-361 (2001). In the instant matter, there were at least two independent and un-refuted bases to believe Plaintiff had committed a crime and could therefore be arrested.

**1.      Defendant had probable cause to arrest Plaintiff because he was driving a prohibited vehicle on Lake Shore Drive in violation of a City of Chicago municipal ordinance.**

The undisputed facts show that plaintiff was operating a prohibited vehicle on Lake Shore Drive in Chicago in violation of City of Chicago Code of Municipal Ordinances ("Code"). On May 10, 2006, Plaintiff was driving his 2000 Chevrolet pickup truck in the southbound center

4

lane of Lake Shore Drive when he was pulled over by Defendant Officer Parker. (Def. 56.1 at

¶¶5, 11.)  Plaintiff contends that the first thing Defendant Parker told Plaintiff after curbing his

vehicle was that he could not legally drive the truck on Lake Shore Drive.  (*Id.* at ¶¶11, 12.)

Plaintiff further admitted under oath that he was aware he was not supposed to be operating a

truck on Lake Shore Drive.  (*Id.* at ¶15.)  In fact, the first thing Defendant Officer Parker noticed

about Plaintiff's vehicle is that it was prohibited from Lake Shore Drive.  (*Id.* at ¶9.)  Section 9-

72-020 of the Code makes it unlawful to operate any vehicle on any boulevard when "such vehicle

is designed primarily for carrying freight or other goods and merchandise... ."  Furthermore,

Plaintiff has also acknowledged that his vehicle has "B Truck" license plates (*Id.* at ¶16), and that

he was operating the vehicle in the southbound center lane of Lake Shore Drive (*Id.* at ¶¶6, 8),

and was on his way home from work at the Fullerton "L" stop (*Id.* at ¶7) when he was then

curbed in his vehicle by Defendant Officer Parker (*Id.* at ¶11).

   In *Devenpeck v. Alford*, 543 U.S. 146 153 (2004), the Supreme Court held that an arrest

is not unlawful solely because the criminal offense for which there is probable cause to arrest is

not closely related to the offense stated by the arresting officer at the time of the arrest.  The

Court held that "the rule that the offense establishing probable cause must be 'closely related' to,

and based on the same conduct as, the offense identified by the arresting officer at the time of the

arrest is inconsistent" with Court precedent. (*Id.* at 154).  There was probable cause to arrest

Plaintiff because he was driving a truck – a vehicle designed primarily for carrying freight – on

Lake Shore Drive.

   While Plaintiff did not receive a ticket for violating section 9-72-020 of the City of

Chicago Municipal Code (Def. 56.1 at ¶17), it simply does not matter.  As the Supreme Court

5

explained in *Whren v. United States*, 517 U.S. 806 (1996), whether an action is reasonable under the Fourth Amendment is determined objectively whereby, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action as long as the circumstances, viewed objectively, justify that action." *Id.* at 813.  Of course in the instant matter, not only did the officer have the state of mind hypothecated – it was the first thing he stated to plaintiff upon stopping him – but the circumstances viewed objectively justify the arrest.  There is not doubt that a reasonable officer with the same information known to Defendant at the time of the traffic stop would have probable cause to arrest Plaintiff.

In *Williams v. Rodriguez*, 509 F.3d 392 (7th Cir. 2007), the plaintiff was stopped for a minor traffic violation, parking on the side of the road, and subjected to a full custodial arrest for that violation.  *Id.* at 399.  The court held the facts known to the officer, when viewed objectively, were sufficient to arrest the plaintiff for a traffic violation without violating the Fourth Amendment, despite the fact that the officer's "subjective reason for making the arrest was driving under the influence." *Id.*  Furthermore, in *Duncan v. Fapso*, No. 06-1744, 2007 WL 528860, at *2 (7th Cir. Feb. 15, 2007), the court held it simply did not matter that the officer "announced he was arresting the Duncan for possession of drug paraphernalia so long as he had probable cause to arrest plaintiff for *any* offense." *Id.* (emphasis in original).  In the instant matter, Defendant Officer had probable cause to arrest Plaintiff the moment he observed Plaintiff driving a prohibited vehicle on Lake Shore Drive.  Therefore, no Fourth Amendment violation occurred when Plaintiff was subsequently arrested.  Because Plaintiff was in violation of section 9-72-020 of the Code, probable cause existed to arrest Plaintiff, and under the guidance of

*Devenpeck* it is irrelevant that he was arrested for some other charge.

**2.      Defendant had probable cause to arrest Plaintiff because he made an illegal lane change in violation of the Code.**

An individual may be arrested for committing even a minor traffic violation. *Atwater v. City of Lago Vista*, 532 U.S. 318 360-361 (2001). In *Atwater* the Supreme Court held that an arrest for a minor, non-jailable offense does not violate the Fourth Amendment, i.e. is Constitutionally permissible, even where such offense is only punishable by a fine.  (*See also*: *Chortek, et al v. City of Milwaukee,* 356 F.3d 740, 745 (7th Cir. 2004) (holding that plaintiff's arrest for violation of city ordinances that restricted the sale of tickets on a public street or sidewalk did not violate the Fourth Amendment).  The *Atwater* Court held that an officer may, without violating the Fourth Amendment, arrest an offender, if the officer has probable cause to believe that the person has committed even a very minor criminal offense in his presence. *Atwater*, 532 U.S. at 354.

Before the arrest (and in addition to observing plaintiff operate a prohibited motor vehicle on Lake Shore Drive (Def. 56.1 at ¶9)), Defendant also observed Plaintiff make an illegal lane change, i.e. improper traffic lane usage, in violation of Section 9-12-050(b) (Def. 56.1 at ¶10). Plaintiff was cited for this and several other violations.  (*Id.* at ¶14.)  Section 9-12-050(b) of the Code makes it unlawful "for the driver of any vehicle to fail or refuse to keep his vehicle within the designated boundaries of any such lane except when lawfully passing another vehicle."  (Def. 56.1 at ¶14).  It is undisputed that on February 14, 2007, Plaintiff was found guilty in Circuit Court of Cook County for violating section 9-12-050(b) of the Code.  (*Id.* at ¶18.)  Although a scrivener's error resulted in the issuance of a certified disposition indicating Plaintiff was not

guilty of that offense (*Id.* at ¶19), a subsequent court order corrected that disposition to guilty (*Id.* at ¶20) consistent with the Court's ruling on February 14, 2007 (*Id.* at ¶18, Exhibit 6).  Under the guidance of *Atwater*, probable cause to arrest Plaintiff existed at the moment Defendant Officer Parker observed the Plaintiff unlawfully change lanes.  Defendant, therefore, is entitled to judgment in his favor.

**B.    PLAINTIFF CANNOT BRING A SECTION 1983 CLAIM FOR ILLEGAL SEIZURE OF HIS PERSON BECAUSE PLAINTIFF'S UNDERLYING CONVICTION HAS NOT BEEN REVERSED, INVALIDATED, OR EXPUNGED.**

Plaintiff contends he was illegally seized on May 10, 2006, in violation of 42 U.S.C. Section 1983. (*See* Exhibit 1 at ¶¶5, 17.)  The records in the underlying matter, as evidenced by the certified disposition, show that on February 14, 2007, Plaintiff was found guilty of committing an illegal lane change. (Def. 56.1 at ¶18.)  This lane change stemmed from the same incident and arrest on May 10, 2006.  (*Id.* at ¶14.)  Plaintiff's claims of illegal seizure is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits a convicted individual from seeking damages under 42 U.S.C. Section 1983 on any theory that implies that the individual's conviction was invalid, without first having the conviction set aside.

Because Plaintiff has failed to have his conviction reversed, invalidated, or expunged, Plaintiff's claim of illegal seizure is not cognizable under 42 U.S.C. Section 1983.  Plaintiff cannot proceed in this civil case on a theory that he was illegally seized since any damage award based on this theory would necessarily imply that Plaintiff was convicted of a moving violation for which there was no probable cause for him to be arrested, making the conviction invalid.  Because Plaintiff's conviction has not been set aside, Plaintiff's Section 1983 claim of illegal seizure is barred and summary judgment should be granted to Defendant Parker.

**C.   DEFENDANT PARKER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM BECAUSE HE HAS QUALIFIED IMMUNITY.**

Defendant Parker is entitled to summary judgment in his favor because he is entitled to qualified immunity on plaintiff's sole claim of false arrest.  Under the doctrine of qualified immunity, public officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)(citations omitted).  The issue of qualified immunity is a question of law for the court to decide. *Alvarado v. Picur*, 859 F.2d 448, 450 (7th Cir. 1988).  The analysis is two-fold.  First, the court determines whether the alleged conduct sets out a constitutional violation.  If no constitutional right was violated, then no further inquiry is necessary.  If, however, a violation could be made out based on the parties' submissions, the court asks whether the constitutional standards were clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  With respect to the second prong of the test, the court evaluates whether the law was clear in relation to the specific facts confronting the officer at the time he acted. *Id.*; *see also Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 472 (7th Cir. 1997).  Although qualified immunity is a defense to a §1983 suit, plaintiff bears the burden of establishing the elements of this two-part test. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999).  Accordingly, because Plaintiff cannot meet this burden, Defendant is entitled to qualified immunity with respect to plaintiff's sole claim of false arrest, and the claim should be dismissed.

Applying the first step of the qualified immunity inquiry to plaintiff's §1983 claim for false arrest shows that plaintiff has not established the violation of any constitutional right.  Based on

9

the facts presented by the plaintiff (as expressed above) there is no manner in which plaintiff can demonstrate that he was arrested without probable cause.  However, even if this court were to believe plaintiff has sufficiently demonstrated a violation of a constitutional right, the second prong of the qualified immunity analysis precludes plaintiff's claim from going forward.

If plaintiff could establish a constitutional violation, Defendant Parker would nonetheless be entitled to qualified immunity under the second prong of the test set forth in *Saucier* which requires that such right be clearly established at the time of the violation.  The Seventh Circuit recently emphasized that the doctrine of qualified immunity leaves ample room for mistaken judgments made by police officers.  *Wagner v. Washington County*, 493 F.3d 833, 834 (7th Cir. 2007).  As long as officers of reasonable competence could disagree on the issue, immunity should be recognized.  *Id.*

Here, examining the facts not as an omniscient observer would perceive them but as they would have appeared to a reasonable person in the position of the officer, (*see Mustafa*, 442 F.3d at 547), it is clear that a reasonable person in Defendant Parker's position could reasonably believe that probable cause existed to arrest the Plaintiff.

No clearly established law existed at the time Plaintiff was arrested indicating that the actions of the Defendant Officer were unconstitutional, i.e. there was no clearly established law at the time Plaintiff was arrested that would put Defendant Parker on notice that it would be a constitutional violation to arrest plaintiff for driving his truck on Lake Shore Drive in Chicago, a roadway where trucks are prohibited, as well as for making an illegal lane change – each of which is sufficient to justify a custodial arrest independent of the other.  To the contrary, just the opposite is true.  A right is not clearly established unless it can be shown that "a court has upheld the purported right in a case factually similar to the one under review, or that the alleged

misconduct constituted an obvious violation of a constitutional right." *Lunini v. Grayeb*, 395

F.3d 761,759 (7th Cir. 2005). The plaintiff bears the burden of establishing that a given right is

clearly established. *Id.* at 79 (citation and internal quotations omitted). Case law was and is in

existence that indicates that the actions of the officer in the current case were objectively

reasonable under the law.

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001) - which has become the standard bearer for

articulating qualified immunity – Donald Saucier, a military police officer, was accused of using

excessive force after he witnessed a demonstrator attempting to unfurl a banner. In response,

Saucier and a fellow military police officer, grabbed Katz, rushed him out of the area, and dragged

him to their nearby van, where they threw him into the van. *Saucier*, at 198. In *Saucier*, the

Court concluded that there was no clearly established law indicating that Saucier's actions were

unconstitutional. Saucier, therefore, was entitled to qualified immunity for his actions.

In *Saucier*, the Court recognized the right of the officer to restore order to the scene. The

court concluded, "It cannot be said there was a clearly established rule that would prohibit using

the force petitioner did to place respondent into the van to accomplish these objectives." *Id.* at

208-9. In the instant matter, it simply cannot be said that plaintiff, who was operating a

prohibited vehicle on Lake Shore Drive in violation of Chicago Code of Municipal Ordinance 9-

72-020 (Def's 56.1 at ¶¶5, 17, 18), after committing a traffic violation - an illegal lane change -

(*Id.* at ¶18) can demonstrate that clearly established law prohibited his arrest.

Because reasonable officers in Defendant's position could disagree on the issue given the

specific context of Plaintiff's arrest, the right was not clearly established. Therefore, Defendant

Parker is entitled to qualified immunity and judgment in his favor.

## CONCLUSION

Defendant Officer Parker is entitled to summary judgment on the Plaintiff's one count false arrest claim.  Viewing the facts in the light most favorable to the Plaintiff, Defendant Officer Parker had probable cause to arrest the Plaintiff, which is an absolute bar to Plaintiff's false arrest claim.  Alternatively, Defendant Officer Parker is entitled to qualified immunity for Plaintiff's false arrest claim because Defendant Officer Parker did not violate any clearly established constitutional right of the Plaintiff.

Wherefore, Defendant Officer Parker, respectfully requests this court to grant Defendant's motion for summary judgment.

Respectfully submitted,

/s/  Matthew R. Hader
Assistant Corporation Counsel
Attorney for Defendant

30 N. LaSalle, Ste. 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

12