UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE JACKSON, ) | |
| ) | Case No. 08 C 1958 |
| Plaintiff, ) | |
| ) | Judge Conlon |
| v. ) | |
| ) | Magistrate Judge Cole |
| P.O. JOE DORTHA PARKER #17669, ) | |
| individually, ) | Jury Demand |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, WAYNE JACKSON, by and through one of his attorneys, David S. Lipschultz of Gregory E. Kulis and Associates, and submits this Memorandum of Law in opposition to Defendant's Motion for Summary Judgment:

**I. DEFENDANT PARKER'S HIGHLY TENUOUS CREDIBILITY EVISCERATES HIS TESTIMONY AND EVIDENCE BEFORE THIS COURT; A JURY MUST DETERMINE HIS CREDIBILITY, WEIGH THE EVIDENCE AND DECIDE WHICH INFERENCES TO DRAW FROM THE FACTS**

Defendant Parker's highly tenuous credibility eviscerates his testimony and evidence as presented in his Motion for Summary Judgment. Defendant Parker lied under oath by intentionally falsifying the Plaintiff's and at least 49 other victims DUI arrest reports. (Plaintiff's Facts, ¶9). "At summary judgment, a court may not make credibility determines, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder." Paz v. Wauconda Healthcare and Rehabilitations Centre, LLC, 464 F. 3d 659, 664 (7th Cir. 2006). Which version of events offered by the parties or witnesses is "accurate" or "believable" necessarily involves questions of credibility that are for the trier of fact to decide and must be

1

assessed by a jury. See Damato v. Jack Phelan Chevrolet Geo, Inc., 927 F.Supp. 283 (N.D. Ill.1996) quoting Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992) (when two individuals give contradictory accounts of a situation of which they have personal knowledge, and both accounts are plausible, the decision as to which is correct must await trial before the fact finder; "summary judgment is not a procedure for resolving a swearing contest"); Wilson v. Williams, 997 F.2d 348, 350 (7th Cir.1993) (reversing grant of summary judgment which turned on credibility determinations).

Moreover, Defendant Parker's significant disciplinary history further diminishes his credibility and the testimony and evidence he presents to this Court. Evidence of misconduct complaints are routinely discovered and admitted at trial by the Seventh Circuit and the Northern District of Illinois. Wilson v. City of Chicago, 6 F.3d 1230, 1238 (7th Cir. 1993); United States v. Macedo, 406 F.3d 778, 793 (7th Cir. 2005); Charles v. Cotter, 1994 WL 424144 (N.D. Ill.); Bond v. Uteras, 2006 WL 695447 (N.D. Ill., March 2006); Vodak v. City of Chicago, 2004 WL 1381043, *5 (N.D. Ill.).

Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Cincinnati Inc. Co. v. Flanders Elec. Motor Serv. Inc., 40 F.3d 146, 150 (7th Cir. 1994). In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. Bennington v. Caterpillar Inc., 275 F.3d 654, 658 (7th Cir. 2001); see also Payne v. Pauley, 337 F.3d 767, 776-78 (7th Cir. 2003) (reversing summary judgment in false arrest case because court credited version of facts offered by police officers over those offered by plaintiff).

A.  **Defendant Parker Has Been Stripped Of His Police Powers And Investigated By The Cook County State's Attorney For Possible Criminal Indictment Due To His DUI Arrests Like The One At Bar**

In January 2009 Defendant Joe Dortha Parker was disciplined by being forced to surrender his Chicago Police star, shield and identification card ─ and he was removed of his police powers. (Plaintiff's Statement of Additional Material Facts (hereinafter referred to as "Plaintiff's Facts"), ¶1). The Cook County State's Attorney's Office is involved in an ongoing investigation of Defendant Parker concerning his conduct as a police officer. At issue is the allegation that there are discrepancies between the arrest reports of Driving Under the Influence reports of Defendant Parker and the in-car camera videos of those same arrests over a two-year period. (Plaintiff's Facts, ¶¶2-3). Given that Defendant Parker wrote more than 100 DUI citations in the year 2007, approximately 200 of his DUI arrests are the subject of the investigation. (Plaintiff's Facts, ¶5).

There are now pending in the U.S. District Court of the Northern District of Illinois over one dozen cases against Defendant Parker where plaintiffs have alleged that Defendant Parker falsely arrested them for DUI.

B.  **Circuit Court of Illinois Vacated DUI Conviction of a Defendant Parker Arrestee**

The criminal conviction of a businessman named Daniel Lopez was vacated as a result of the State's Brady violation in failing to tender to Lopez's attorney information concerning Defendant Parker's possible DUI misconduct. The State, in a further example of its lack of confidence in Defendant Parker's credibility, moved to *nolle prosequi* the case against Mr. Lopez after his conviction was vacated. (Plaintiff's Facts, ¶¶5-9).

**C.    Defendant Parker's Motive, Opportunity, Intent, Preparation, Plan, Knowledge, Or Absence Of Mistake Or Accident Regarding False DUI Arrests**

Defendant Parker had clear and long-standing motives to falsely arrest Plaintiff Wayne Jackson: he made considerable overtime pay on his numerous DUI arrests. He also earned accolades from his superiors and an anti-drunk driving organization ― which strengthened his opportunities for advancement. His arrest of the Plaintiff is one of dozens of arrests that demonstrate Defendant Parker's motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident regarding his false DUI arrests. F.R.E. 404(b).

**1.    Motive To Enhance His Financial And Career Standing**

Defendant Parker had considerable motive to falsely arrest the Plaintiff (and other individuals) ― he was out to enrich himself. By his own admission Defendant Parker's overtime pay related to DUI arrests comprise over half of his overtime pay (the truth may even be higher). (Plaintiff's Facts, ¶4).

In 2008 Defendant Parker was recognized by the Acting Commander of the Bureau of the Chicago Police Department for being one of the top 28 officers in the State of Illinois to write more than 100 citations in the year 2007. The Defendant was congratulated for his dedication and hard work in making Chicago a safer place to drive. (Plaintiff's Facts, ¶5). In 2008 Defendant Parker received a plaque from the Alliance Against Intoxicated Motorists. (Plaintiff's Facts, ¶6).

**2.    Opportunity, Intent, Preparation, Plan, Knowledge, Or Absence Of Mistake Or Accident When Defendant Parker Arrested The Plaintiff**

Defendant Parker's false arrest of the Plaintiff and other individuals was part of a long-term intentional plan for which he had hundreds of opportunities to make false arrests; there are no mistakes or accidents at issue in his DUI arrests. Defendant Parker lied under oath by

4

intentionally falsifying the Plaintiff's (and others') DUI arrest reports. A review of the evidence in 49 of Defendant Parker's DUI arrests over the last few years undeniably reveals that Defendant Parker lied under oath in the Alcohol/Drug Influence Reports ("Reports") completed by him. In those reports he swore and affirmed that the 49 arrestees could not properly perform an array of tasks in their Field Sobriety Tests administered to them by Defendant Parker:

    a.    Walk and Turn Test:

        i. Couldn't keep their balance while listening to instructions;
        ii. Started before instructions are finished;
        iii. Stopped walking to steady themselves;
        iv. Lost balance while walking (Stepped off the line);
        v. Used arms for balance (Raised arms more than six inches); and/or,
        vi. Lost balance while turning, turned incorrectly.

    b.    One Leg Stand Test

        i. Swayed while balancing;
        ii. Used arms to balance (raised arms more than 6 inches);
        iii. Hopped; and/or,
        iv. Put foot down.

Yet a review of the in-car camera videos capturing those very tests reveals that <u>every one</u> of the 49 arrestees did not commit each and every act as sworn to by Defendant Parker in the respective Reports ─ and that Defendant Parker blatantly lied under oath by misstating the results on the Reports. (Plaintiff's Facts, ¶9).

## II.    STATEMENT AND SOURCE OF FACTS

The Plaintiff incorporates herein paragraphs 12 through 32 of Plaintiff's 56.1 (b)(3)(C) Statement of Additional Material Facts.

"We have long held that a plaintiff may defeat summary judgment with his or her own deposition. <u>Paz</u>, at 664 (citations omitted) (evidence presented in a "self-serving" affidavit or

deposition is enough to thwart a summary judgment motion provided it meets the usual requirements for evidence at summary judgment stage). *Id.* at 665. Plaintiff's affidavit underlying his Statement of Additional Material Facts satisfies the mandate of <u>Drake v. Minnesota Mining & Mfg. Co.</u>, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter; rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.")

The Seventh Circuit case law also makes clear that the situations in which a party cannot prevail on a motion for summary judgment by submitting conclusory allegations are those in which the allegations *contradict plain admissions in prior deposition or otherwise sworn testimony*. <u>Adusumilli v. City of Chicago</u>, 164 F.2d 353, 360 (7th Cir. 1998) (Emphasis added). Critically, in the case at bar, there are no plain admissions in prior deposition or otherwise sworn testimony which contradict Plaintiff's facts ― perhaps because Defendant's counsel did not ask the Plaintiff for his account of the incident at bar in Plaintiff's deposition; nor did Defendant's counsel tender requests for admission to the Plaintiff.

**III. DEFENDANT'S CLAIM IS NOT BARRED BY THE <u>HECK</u> DOCTRINE**

Defendant Parker's argument that the Plaintiff's claim for false arrest is barred because his underlying conviction has not been reversed, invalidated or expunged is not an accurate assessment of the facts or the law.

**A.  <u>Pursuant to Illinois Law Plaintiff Was Not Convicted</u>**

On February 14, 2007, Circuit Court Judge Carol Howard ordered the Plaintiff to be placed under "supervision." Pursuant to Illinois Law, 730 ILCS 5/5-6-3.1(e)-(f), supervision,

once terminated and satisfied, <u>is not a conviction</u>:

> (e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges.
>
> (f) Discharge and dismissal upon a successful conclusion of a disposition of supervision <u>shall be deemed without adjudication of guilt and shall not be termed a conviction</u> for purposes of disqualification or disabilities imposed by law upon conviction of a crime.

(730 ILCS 5/5-6-3.1(e)-(f)) (Emphasis added).

The Plaintiff's supervision was terminated and satisfied according to the Certified Statement of Disposition dated October 2, 2009. (Plaintiff's Facts, ¶34).

Give the Court's discharge and dismissal upon Plaintiff Jackson's successful conclusion of a disposition of supervision, Plaintiff Jackson's disposition is deemed without adjudication of guilt and shall not be termed a conviction

**B.    Even If Plaintiff Disposition Is Deemed A Conviction, Heck Does Not Bar Plaintiff's §1983 Claim For False Arrest For DUI**

Even if the Plaintiff's criminal case disposition of supervision is construed somehow as a conviction, "the Supreme Court has held in <u>Wallace v. Kato</u> that <u>Heck</u> does not preclude or delay the accrual of Fourth Amendment claims even if conviction has resulted." <u>Easterling v. Moeller</u>, 2009 WL 1811316, *1, (7th Cir. 2009). "This court has stated repeatedly that most Fourth Amendment claims can go forward despite the rule of <u>Heck</u>." *Id.* Finally, whether a plaintiff's claim is barred by <u>Heck</u> should be evaluated by seeing whether plaintiff's theory of liability includes allegations that are inconsistent with the conviction being valid. <u>Okoro v. Callaghan</u>, 324 F.3d 488, 490 (7th Cir. 2004).

The Plaintiff's Complaint at Law makes clear that his theory of liability is false arrest for

DUI. That is the only criminal charge referenced in his complaint at law. Any interpretation of the Plaintiff's order of supervision for committing an illegal lane change as a "conviction" is wholly inconsistent with the charge of committing the offense of DUI. The facts constituting an illegal lane change versus the facts constituting DUI — and the elements of the law concerning an illegal lane change versus the law concerning DUI — are completely inconsistent.

The Heck doctrine seeks to avoid having civil courts invalidate a criminal conviction. Nothing in Plaintiff Jackson's claim for false arrest for DUI seeks to invalidate the disposition of his illegal lane change finding. "Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a §1983 claim under the Fourth Amendment." Simpson v. Rowan, 73 F.3d 134, 136 (7th Cir. 1995).

IV. **THERE ARE GENUINE ISSUES OF MATERIAL FACT AS TO THE EXISTENCE OF PROBABLE CAUSE FOR DEFENDANT'S ARREST OF THE PLAINTIFF**

The Defendant is incorrect in his assertion that the uncontested facts establish that he had probable cause to arrest the Plaintiff. The facts presented by the Plaintiff and the Defendant are completely in dispute with regard to the existence of probable cause for the Defendant's arrest of the Plaintiff. Genuine issues of material fact ensue.

A. **Probable Cause To Make An Arrest Presents A Question For The Jury Unless The Facts Are Undisputed**

Probable cause is generally a question for the jury. Griffin v. City of Chicago, 406 F. Supp.2d 938, 946 (citing Woods v. Willingham, 1995 WL 225721, *6 (N.D.Ill. 1995) ("noting a 'strong policy in this circuit toward allowing the question of probable cause to reach the jury.'") Whether an officer had probable cause to make an arrest generally presents a question for the

jury, although the court can decide it when the material facts are undisputed. Jacobson v. Adams, Not Reported in F.Supp., 1995 WL 254418 (N.D.Ill. 1995) (citing Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995)). Section 1983 claims presenting the question of probable cause are generally inappropriate for disposition on summary judgment…where there is room for a difference of opinion. Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989).

**B.      There is a Genuine Issue of Material Fact Whether The Plaintiff Was Driving A Prohibited Vehicle On Lake Shore Drive In Violation Of A City Of Chicago Municipal Ordinance**

There is a genuine issue of material fact whether the Plaintiff was driving a prohibited vehicle on Lake Shore Drive in violation of a City of Chicago municipal ordinance. The Defendant has presented no credible and direct evidence of such a violation. The Plaintiff does not dispute that he was driving a pick-up truck on Lake Shore Drive at the time of his arrest. (Plaintiff's Facts, ¶9). However:

1. The Defendant has presented no evidence to the Court in his motion for summary judgment that the specific make, model and year of the vehicle Plaintiff was driving is the type of vehicle prohibited by Section 9-72-020 of the Chicago Municipal Code: no title, no certificate from the Secretary of State; no listing of commercial vehicles from the Municipal Code itself informing the Court that the Plaintiff's vehicle was a prohibited one;

2. Defendant relies only on his own self-serving statement in his arrest report narrative and in his court and deposition testimony that the Plaintiff's vehicle was prohibited from Lake Shore Drive. None of these statements or testimony provide proof for the Court to make an independent determination;

3. Defendant relies on the Plaintiff's own court testimony that his vehicle was prohibited from Lake Shore Drive ― without stating that the Plaintiff learned this allegation from the Defendant himself. Surely the Plaintiff lacks sufficient expertise to lay the foundation for a code determination that he learned from the Defendant; and,

4. Defendant Parker did not issue a ticket to the Plaintiff for this offense, so there is no State Court evidence or ruling on this matter.

9

In considering a motion for summary judgment, the court must consider the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Moreover, given the Defendant's highly suspect credibility and motives (see Section I above), a jury will find it highly likely that the Defendant arrested the Plaintiff for DUI ― a charge for which he was not convicted ― to continue his ongoing pattern of false DUI arrests and <u>not</u> because he deemed the Plaintiff to be driving a prohibited vehicle.

Given the Defendant's failure to prove that the Plaintiff was stopped for a minor traffic violation, driving a prohibited vehicle on Lake Shore Drive, probable cause on that ground should not be assumed for summary judgment purposes, particularly as the Court considers the facts in the light most favorable to the non-moving party.

C. **Defendant's Allegation That Defendant Had Probable Cause To Arrest The Plaintiff Pursuant To *Atwater v. City of Lago Vista* Fails As There Are Genuine Issues of Material Fact Whether the Plaintiff Made An Illegal Lane Change**

The Defendant alleges that he had probable cause to arrest the Plaintiff because the Defendant observed Plaintiff make an illegal lane change. The Plaintiff respects that an individual may be arrested for committing even a minor traffic violation, pursuant to Atwater v. City of Lago Vista, 532 U.S. 318 (2001). However, the Plaintiff denies committing an illegal lane change. (Plaintiff's Fact, ¶21).

Given Defendant Parker's weak credibility ― and his likely motive, intent and plan or absence of mistake ― there is a genuine issue of material fact whether the Plaintiff made an illegal lane change. The case at bar is distinguishable from Atwater in that there is contradictory testimonial evidence concerning whether Plaintiff Jackson made an illegal lane change. In Atwater there was no dispute: the plaintiff and her children were not wearing seatbelts and the

10

plaintiff was driving without her license and proof of insurance.

Moreover, Atwater emphasizes that "…under current doctrine the preference for categorical treatment of Fourth Amendment claims gives way to individualized review when a defendant makes a colorable argument that an arrest, with or without a warrant, was 'conducted in an extraordinary manner, unusually harmful to [his] privacy or even physical interests.'" Id. at 353 (citing Whren v. United States, 517 U.S. 806, 818) (See also Chortek v. City of Milwaukee, 356 F.3d 740, 745 (7th Cir. 2004). In the case at bar, a genuine issue of material fact exists whether Plaintiff Jackson can make a colorable argument that his arrest was conducted in an extraordinary manner, unusually harmful to his privacy interests.

The Plaintiff swears in his affidavit that he did not make an illegal lane change. A jury has a strong foundation upon which to reach this same conclusion as it is the Defendant's word against the Plaintiff's word, and the Plaintiff has no credibility weaknesses (as is proven by the Defendant's failure to highlight any in his motion for summary judgment.) The Defendant, of course, has profound and highly tenuous credibility which render meaningless his testimony and evidence as presented in his Motion for Summary Judgment. How will a jury believe that Plaintiff committed a minor traffic violation once it learns that the Defendant:

- Was stripped of his badge and police powers in January 2009 and has yet to be exonerated;

- Lied intentionally and under oath on 49 arrestees' Alcohol/Drug Influence Reports, accusing them of equilibrium problems that are contradicted by video evidence;

- When he may be indicted if and when this case goes to trial;

- Made tens of thousands of dollars in overtime pay from DUI arrests;

- Received career-boosting accolades from his supervisors and drunk-driving organizations; and

11

- Had (at least) one DUI conviction vacated due to his suspect arrests.

The jury will likely find that Defendant's lack of credibility leads to the conclusion that the Plaintiff did not make an illegal lane change. "At summary judgment, a court may not make credibility determines, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder." Paz, at 664.

### D. Other Genuine Issues Of Material Fact

There are other genuine issues of material fact that must be credited to the Plaintiff in summary judgment. Payne, at 776. Viewed favorably to the Plaintiff's credit, the Defendant's entire account of the Plaintiff's arrest is nullified.

### 1. Plaintiff's Route Of Travel And Location When Stopped By The Defendant

The Defendant testified that the Plaintiff entered Lake Shore Drive from the I-55 access ramp. The Plaintiff states that he entered Lake Shore Drive from Fullerton. (Plaintiff's Facts, ¶14.) This is a critical difference because the Plaintiff states that: (a) he was never on I-55 nor its access ramp onto Lake Shore Drive and (b) he was pulled over north of the I-55 access ramp onto Lake Shore Drive. (Plaintiff's Facts, ¶15).

### 2. Plaintiff's Performance on His Field Sobriety Test

Defendant Parker swore and affirmed in the Plaintiff's Field Sobriety Test that the Plaintiff performed as follows:

    a.    Walk and Turn Test:

- Could not keep his balance while listening to instructions;
- Started before instructions are finished;
- Stopped walking to steady himself;
- Lost balance while walking (Stepped off the line);
- Used arms for balance (Raised arms more than six inches);
- Lost balance while turning, turned incorrectly; and,
- Walked the incorrect number of steps.

   b.  One Leg Stand Test

- Swayed while balancing;
- Used arms to balance (raised arms more than 6 inches); and,
- Hopped.

(Plaintiff's Facts, ¶26).

The Plaintiff denies these allegations. (Plaintiff's Facts, ¶24-25.)

  His denial is significantly buttressed by the toxicology test results and testimony of Dr. Theodore James, the toxicologist the Plaintiff saw hours after his release from arrest. (Plaintiff's Facts, ¶23). While the Seventh Circuit holds that probable cause for intoxication has been found even where it was later proven that the arrestee had not consumed any alcohol, Wells v. City of Chicago, 1 Fed.Appx. 515, 519, 2001 WL 30502 (7th Cir. 2001), the case at bar is distinguishable. Wells and its cited cases concern an arrestee who was slumped over his steering wheel and had difficulty walking (he had a subdural hemotoma); an arrestee who had trouble balancing himself and appeared incoherent (he was suffering from insulin shock). By Defendant's own account, Plaintiff Jackson exhibited no such dramatic manifestations of impairment.

  In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. Bennington v. Caterpillar Inc., 275 F.3d 654, 658 (7th Cir. 2001).

## V. DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY

  Defendant Parker cannot escape liability by claiming qualified immunity. First, "[t]he constitutional right to be free from arrest without probable cause indisputably was established." Sornberger v. City of Knoxville, 434 F.3d 1006, 1013 (7th Cir. 2006). A reasonable person in

13

Defendant Parker's position would have known his actions violated clearly established law.

Second, too many facts remain in question.  Green v. Carlson, 826 F.2d 647, 652 (7th Cir. 1987) ("if there are disputed issues of fact upon which the question of immunity turns, or if it is clear that the defendants' conduct did violate clearly established norms, the case must proceed to trial"); Longs v. Lebo, 2008 WL 4831747, * (N.D.Ind.,2008) (defendants' motion for summary judgment denied in part in section 1983 action where plaintiff alleged that defendants falsely arrested him after planting drugs in his car and defendants asserted that drugs were not planted; court held that statements of the plaintiff and defendants, contained two differing versions of the search of plaintiff's vehicle and his resulting arrest created a genuine issue of material fact precluding qualified immunity to the defendant on Mr. Longs' claim of illegal search and seizure).

Granting the Defendant qualified immunity necessarily involves deeming his version of events more credible than the Plaintiff's, and this Court cannot make a credibility determination.  Wilson, 997 F.2d at 350 (7th Cir. 1993).

There are too many genuine issues of material fact and issues of credibility to grant Defendant Parker qualified immunity.  A jury must decide whether the Plaintiff committed an illegal lane change.  A jury must decide whether the Plaintiff exhibited signs of intoxication or if his arrest was just another example of the 49 arrests the jury can view where Defendant Parker completed false Alcohol/Drug Influence Reports as part of his sworn arrest documents.

"The Court 'cannot permit a police officer to avoid liability for damages by pleading ignorance of the law when he unreasonably or in bad faith oversteps the bounds of his authority and invades the constitutional rights of others.'"  Foster v. Zeeko, 540 F.2d. 1310, 1314 (7th Cir. 1976).

14

## VI.  CONCLUSION

Defendant Parker has taken his position as one of the more corrupt police officers in the City of Chicago in recent years. Defendant Parker's highly tenuous credibility, his severe disciplinary history of being stripped of his police powers, and his possible forthcoming indictment eviscerate his testimony and evidence as presented in his Motion for Summary Judgment. Defendant Parker lied under oath dozens of time by intentionally falsifying DUI arrest reports. "At summary judgment, a court may not make credibility determines, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder." Paz, 464 F. 3d at 664 (7th Cir. 2006). Which version of events offered by the parties or witnesses is accurate or believable necessarily involves questions of credibility that are for the trier of fact to decide.

Defendant Parker has abused his office and trampled on the Plaintiff's constitutional rights. He has made an enormous amount of money in overtime for his false arrest of the Plaintiff and dozens of Chicagoans. This legally and ethically corrupt party should not be further enriched by the granting of an order of summary judgment.

                                          Respectfully submitted,

                                          /s/    David S. Lipschultz
                                                     Gregory E. Kulis and Associates

David S. Lipschultz
Attorney No. 6277910
Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830