**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WAYNE JACKSON,** | ) | |
| | ) | **Case No. 08 C 1958** |
| **Plaintiff,** | ) | |
| | ) | **Judge Conlon** |
| **v.** | ) | |
| | ) | **Magistrate Judge Cole** |
| **P.O. JOE DORTHA PARKER #17669,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT PARKER'S REPLY IN SUPPORT OF**
**HIS MOTION FOR SUMMARY JUDGMENT**

Defendant, Joe Dortha Parker ("Defendant Officer"), by and through his attorneys,

Querrey & Harrow, Ltd., and for his reply in support of his motion for summary judgment, stating

as follows:

## INTRODUCTION

Plaintiff's response fails to present a dispute of any material fact that would preclude summary

judgment for the Defendant.  Plaintiff's response is replete with misstatements of law and reference to

facts[1] that are not salient to a ruling on the issues set forth in Officer Parker's motion for summary

judgment.   Plaintiff spends page after page attacking the credibility of Officer Parker, all while

admitting that credibility determinations cannot be made at the summary judgment stage.  Plaintiff has

gone out of his way to avoid the undisputed facts that establish probable cause, proffers theories of

law that are not legally supported, and confuses the relevant standards between false arrest and

---

1 This Court has already denied Plaintiff's request to file Alcohol/Drug Influence Reports and arrest videos under seal
with his Response to Officer Parker's Motion for Summary Judgment because Plaintiff failed to show how "public
disclosure of confidential records and videos involving third parties are material to his response to defendant's summary
judgment motion."  (10/8/09 Min. Or., Doc. No. 202)

malicious prosecution.   Nonetheless, Plaintiff admits to driving his pick-up truck that had "B Truck" license plates on Lake Shore Drive.  This admission alone thwarts all of Plaintiff's contentions.

## ARGUMENT

### A.   PLAINTIFF'S CLAIMS ARE BARRED BY THE *HECK* DOCTRINE.

Plaintiff's arguments that his claims are not barred by the *Heck* Doctrine because the sentence of supervision to the underlying traffic charge is not a conviction are without merit.  Plaintiff is correct that the Illinois Compiled Statutes states that a sentence of supervision is not a conviction or an adjudication of guilt, if the term of the supervision is completed successfully.  730 ILCS 5/5-6-3.1 (e-f).  However, supervision is a diversionary sentence.  The simple fact that supervision will not be deemed a conviction does not negate Judge Carol Howard's ruling that Plaintiff committed the traffic offense.   The transcript of Judge Howard's ruling and the certified disposition clearly establish Plaintiff committed the offense of Improper Traffic Lane Usage.   Thus, the *Heck* Doctrine bars Plaintiff's false arrest claim.

There is a dearth of case law on this topic as it relates to the present circumstances, however, the Seventh Circuit's interpretations of the federal sentencing guidelines treatment of supervision sentences, i.e. diversionary sentences, is illuminating on this point.  In *U.S. v. Jones*, 448 F.3d 958, 961 (7th Cir. 2006), the Seventh Circuit addressed the issue of whether a sentence of supervision could be included under the sentencing guidelines. The Seventh Circuit acknowledged that under Illinois law "a disposition of supervision shall be deemed without adjudication of guilt ... for purposes of disqualification or disabilities imposed by law upon conviction of a crime," *Id. See also* 730 ILCS 5/5-6-3.1(f), but that this type of sentence did not mean that a judicial proceeding did not occur. *Id.* The court went on to state,

the effects of a judicial proceeding might be retroactively transmogrified for purposes of Illinois law, a disposition of supervision is in fact preceded by an 'adjudication of guilt.' … After all, the Due Process Clause does not let judges go around imposing court-ordered supervision on innocent people…

*Moreover, when a case is dismissed after supervision, the court does not wave a magic wand to erase the defendant's criminal conduct from the time-space continuum. Dismissal may give a petty criminal a break for certain purposes under state law, but it does not compel us to pretend that the wrongdoing for which he was found culpable never occurred. Id.* (Emphasis added).

Here, Plaintiff asks this Court to ignore the original finding of guilt. However, the Seventh Circuit has stated that this Court cannot do that. The Plaintiff's position runs afoul of precedent and common sense.

In fact, Plaintiff is directly trying to deny that the illegal lane change ever occurred. Specifically, Plaintiff states "[t]he Plaintiff swears in his affidavit that he did not make an illegal lane change." (Plaintiff's Resp., p. 11). Plaintiff then argues that "[a] jury has a strong foundation upon which to reach the same conclusion as it is the Defendant's word against the Plaintiff's word…" *Id.* Although these statements were made by Plaintiff in support of his position that there was a material issue of fact whether Plaintiff made an illegal lane change, these arguments are exactly the type of collateral attacks that are barred by *Heck*. Moreover, these statements were rejected by Judge Howard when she adjudicated Plaintiff guilty of the illegal lane change. Her findings explicitly stated, "[t]here would be a finding of guilty on the charge of failure to stay in lanes. (Exhibit , 2/14/07 Transcript of Proceedings, TJ 457316-20, p. 28, finding of guilty by Judge Carol Howard).

Plaintiff does not provide one case citation that supports his proposition that the sentence of supervision magically erases or negates the Judge Howard's original findings. This position is nothing

more than a collateral attack on those findings, which is barred by *Heck v. Humphrey*, 512 U.S. 477

(1994).  As previously stated,  *Heck* prohibits a convicted individual from seeking damages under 42

U.S.C. Section 1983 on any theory that implies that the individual's conviction was invalid, without

first having the conviction set aside. *Id.*  Here, Plaintiff provided a certified copy of disposition that

establishes no such attempt in invalidate the underlying finding of guilty has ever occurred in the

Circuit Court of Cook County.   Additionally, Defendant's Exhibit 12, a certified copy of the

disposition sets forth that there was a plea of not guilty and a subsequent finding of guilty by the

Circuit Court judge.  Plaintiff is collaterally estopped from trying to undermine these factual findings

when he had an opportunity to litigate that issue before.  The original finding has *never* been set aside

and Plaintiff cannot do so now.  This was the reason for the holding in *Heck*.  Therefore, Plaintiff's

claims related to his arrest are barred under *Heck* and collateral estoppel.

**B.      Plaintiff's claim for false arrest for DUI is defeated because there was probable
           cause to arrest Plaintiff.**

From the outset, Plaintiff has confused the elements of false arrest.   Plaintiff attempts to

compartmentalize probable cause for the arrest of Plaintiff by stating his theory of liability is false

arrest for DUI.  (Plaintiff's Resp., pp. 7-8).  However, the false arrest analysis does not rest upon the

elements of each offense that was charged, but simply whether there was existence of probable cause

to arrest Plaintiff during the incident in question.  *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th

Cir. 2006).

Here, the undisputed facts establish probable cause existed to arrest Plaintiff.  As previously

stated, there were at least two independent and undisputed bases which establish probable cause.  The

first basis was related to the traffic offense improper traffic lane usage, a charge for which Plaintiff

was adjudicated guilty and sentenced to Supervision.  (Plaintiff's Responses to Def.'s Stat. of Fact,

para. 18).  Not only was there probable cause to believe this offense, a Cook County Circuit Court

judge determined that there was sufficient evidence to find Plaintiff guilty of that charge.  The severity

of the charge is of no consequence because an individual may be arrested for committing even a minor

traffic violation.  *Atwater v. City of Lago Vista*, 532 U.S. 318, 360-361 (2001).  Plaintiff does not

dispute this precedent and instead "denies committing an illegal lane change."  (Plaintiff's Resp., p.

10).  This contention is contrary to the law and the facts present in this record. As stated above,

Plaintiff cannot collaterally attack the underlying finding of guilt.

Second, the undisputed facts as admitted by Plaintiff establish that the Plaintiff was operating

a truck on Lake Shore Drive, which he knew was unauthorized.  Plaintiff has admitted that on May

10, 2006 he was driving his 2000 Chevrolet Silverado Pickup truck, with B-Truck license plates,

southbound on Lake Shore Drive in Chicago in the center lane of traffic.  (Plaintiff's Responses to

Def.'s Stat. of Fact, paras. 4, 5, 6, 16).  Indeed, Plaintiff has acknowledged under oath that he was

prohibited from operating his truck on Lake Shore Drive, testimony that was solicited from Plaintiff

by his own attorney in that proceeding.  (Plaintiff's Responses to Def.'s Stat. of Fact, para. 7).

Curiously, Plaintiff claims "Defendant has presented no credible and direct evidence of such a

violation."  (Plaintiff's Resp., p. 9).  The above-stated admitted facts, i.e. direct evidence, in

consideration with the municipal code, at a minimum, establishes that there was probable cause to

believe that Plaintiff violated this ordinance.  Plaintiff concedes that he should not have been operating

his vehicle on Lake Shore Drive.  Plaintiff cannot contend that his pick-up truck is not a "truck" and

cannot now say that he did not know that he was prohibited from operating his vehicle.  Therefore,

Officer Parker had probable cause to believe that another traffic violation had been committed by

Plaintiff. Defendant need not show that Plaintiff could have been convicted, but only that there was probable cause, which he has. Therefore, Plaintiff's false arrest claim fails and summary judgment must be granted.

**C.    There are no Genuine Issues of Fact related to whether Plaintiff Made an Illegal Lane Change.**

Plaintiff attempts to re-litigate issues that have already been decided by a Circuit Court judge. Plaintiff can try to deny that he committed an illegal lane change with an affidavit, but as discussed above, the *Heck* Doctrine bars this argument. Plaintiff then claims he was arrested in an "extraordinary manner, unusually harmful to his privacy interests." (Plaintiff's Resp., p. 11). This argument is devoid of any facts related to the "extraordinary manner" of his arrest and digresses to an inappropriate diatribe about Officer Parker's credibility (which is the main theme of Plaintiff's Response). Repetition does not make these arguments any more tenable and is sanctionable. Summary judgment should be granted in favor of Officer Parker for all of these reasons.

**D.    DEFENDANT PARKER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM BECAUSE HE IS ENTITLED TO QUALIFIED IMMUNITY.**

Plaintiff's arguments related to the application of the law on qualified immunity, the existence of disputed facts, and whether a jury can determine if Plaintiff committed the offense of illegal lane change, simply miss the mark. First, Plaintiff cannot undermine the findings of the Circuit Court judge in this proceeding, thus a jury could not determine credibility on the issue of whether Plaintiff committed the offense for which he was charged.

Second, Plaintiff does not address the issue of whether he violated the Chicago Municipal Code when he operated his pick-up truck on Lake Shore Drive, likely because his nonsensical

interpretation of the term "truck" cannot be defended.  Officer Parker saw Plaintiff operating a pick-up truck with B-Truck license plates.  This violation of the Municipal Code established probable cause to curb Plaintiff's vehicle and subsequently arrest him under *Atwater*.  Assuming *arguendo*, that this Court finds that the Municipal Code does not apply to Plaintiff's "pick-up truck", Officer Parker is cloaked with qualified immunity because he was "performing discretionary functions … [that] …[did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)(citations omitted).  Additionally, qualified immunity is not completely rigid and thus, leaves ample room for mistaken judgments made by police officers.  *Wagner v. Washington County*, 493 F.3d 833, 834 (7th Cir. 2007).  Plaintiff's hang-up on semantics is a diversion that was never previously addressed by any prior precedent.  Officer Parker would be entirely reasonable in considering Plaintiff's "pick-up truck" a *truck* for the purposes of the Municipal Code.  After all, the vehicle is identified and marketed by the manufacturer as a truck, and the State of Illinois has required Plaintiff's truck display B-Truck plates accordingly.  Indeed, Plaintiff has not cited any decision by any court that would have put Officer Parker on notice of this interpretation, because none exists.  Therefore, qualified immunity is applicable in this situation.

Plaintiff, also argued that "granting the Defendant qualified immunity necessarily involves deeming his version of events more credible that the Plaintiff's," but this argument is inconsistent with this circuits precedent, which holds the issue of qualified immunity is a question of law for the court to decide.  *Alvarado v. Picur*, 859 F.2d 448, 450 (7th Cir. 1988).

Lastly, should this Court find that there was an unconstitutional false arrest, which there was not; Officer Parker's conduct was consistent with the law at the time of the arrest.  He utilized the

Municipal Code of Chicago and even obtained a finding of guilty for one of the charges.  Qualified immunity is a defense to a §1983 suit, but plaintiff bears the burden of establishing the elements of this two-part test.  *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999).  Plaintiff has done nothing but recite the same unpersuasive credibility arguments, *ad nauseum*, however, Plaintiff's reliance upon inapplicable cases is not compelling.  Here, there are no disputes of material fact.  Plaintiff has not addressed those undisputed facts and for good reason, these undisputed facts sound the death knell for his claims.  Plaintiff has not pointed to one case that supports their interpretations of the Municipal Code or attack on the underlying conviction.  Therefore, Defendant is entitled to qualified immunity with respect to plaintiff's sole claim of false arrest, and the claim should be dismissed with prejudice.

**E.    The other disputed facts are immaterial to the legal arguments in Officer Parker's motion for summary judgment.**

Plaintiff cites a deluge of facts that do not affect the outcome of this motion and have nothing to do with the arguments therein, and therefore, do not create an issue of fact.  First, the route that Plaintiff drove his truck on to get to the center lane of traffic on southbound Lake Shore Drive is irrelevant.  Similarly, the field sobriety test has nothing to do with the probable cause calculus at hand.  These are attempts to taint the well with extraneous facts immaterial to summary judgment.  These facts and the statement of additional facts filed by Plaintiff are the subject of Officer Parker's Motion to Strike, the arguments in which are incorporated herein.

<u>CONCLUSION</u>

Defendant Officer Parker is entitled to summary judgment on the Plaintiff's one count false arrest claim for all of the reasons stated above.  The admitted facts establish Officer Parker had

probable cause to arrest the Plaintiff, which bars Plaintiff's false arrest claim.  Even if this Court

determines that there was no probable cause, Officer Parker is entitled to qualified immunity for

Plaintiff's false arrest claim because Defendant Officer Parker did not violate any clearly established

constitutional right of the Plaintiff at the time of his arrest.

**WHEREFORE** Defendant Officer Parker, respectfully requests this Honorable Court to

grant Defendant's motion for summary judgment.

Respectfully submitted,

/s/  Daniel F. Gallagher
Attorney for Officer Parker

Daniel F. Gallagher
Dominick L. Lanzito
Querrey & Harrow, Ltd.
175 W. Jackson – Suite 1600
Chicago, Illinois 60604
(312) 540-7000
dgallagher@querrey.com

Respectfully submitted,

/s/  Matthew R. Hader
Assistant Corporation Counsel
Attorney for Defendant

30 N. LaSalle, Ste. 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

Document #: 1448603