IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> P.O. JOE DORTHA PARKER #17669, ) <br> individually ) <br> ) <br> Defendant. ) | Civil Action No.: 08 C 1958 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Wayne Jackson sues Chicago Police Officer Joe Dortha Parker under 42 U.S.C. § 1983 for false arrest. Parker moves for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits. On the afternoon of May 10, 2006, Jackson was driving his 2000 Chevy Silverado pickup truck on Lake Shore Drive in Chicago, Illinois. Def. Facts ¶¶ 4-5. He was traveling southbound in the center lane of traffic. Def. Facts ¶¶ 5-6. Parker, a Chicago police officer, was on patrol. Def. Ex. 5 at 3. Parker saw Jackson and noted that his pickup was prohibited on Lake Shore Drive. Def. Facts ¶¶ 8-9; Def. Ex. 6 at 13-14. Parker claims he also observed Jackson make an illegal lane change; he then executed a traffic stop. Def. Facts ¶¶ 10-11; Pl. Facts ¶ 20. Jackson denies committing any traffic violations. Pl. Resp. ¶ 10.

After Jackson pulled his vehicle to the side of the road, Parker approached and informed Jackson that his pickup was not permitted on Lake Shore Drive. Def. Facts ¶ 12; Pl. Facts ¶ 20.

Parker asked Jackson if he had been drinking; Jackson denied consuming any alcohol or drugs. Pl. Facts ¶ 23. Parker then administered several roadside sobriety tests. Def. Facts ¶ 13; Pl. Facts. ¶ 24. Following the sobriety tests, Parker arrested Jackson and charged him with the following offenses: (1) two counts of driving under the influence ("DUI") in violation of 625 ILCS 5.0/11-501(a)(4) and (a)(6); (2) failure to notify the Secretary of State of an address change in violation of 625 ILCS 5.0/3-416; (3) failure to keep in lanes in violation of § 9-12-050(b) of Chicago's municipal code; and (4) driving an unsafe vehicle in violation of § 9-40-170 of the municipal code. Def. Facts ¶ 14. Jackson did not receive a citation for driving his pickup on Lake Shore Drive in violation of Chicago municipal code § 9-72-020. Def. Facts ¶ 18.

The charges against Jackson proceeded to a bench trial on February 14, 2007. Def. Ex. 16. Just prior to trial, the Cook County State's Attorney amended one of the DUI charges to negligent driving and moved to *nolle prosequi* the other. Def. Ex. 16 at 7-8. At the conclusion of the trial, the judge found Jackson guilty of failure to keep in lanes, but acquitted on the other charges. Def. Ex. 16 at 28. The judge sentenced Jackson to a term of supervision, which was satisfactorily completed. Pl. Facts ¶¶ 33-34. On April 7, 2008, Jackson initiated this lawsuit against Parker under 42 U.S.C. § 1983 for unlawful arrest. Dkt. 1.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265

2

(1986). Parker bears the initial burden of demonstrating he is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). If Parker meets his burden, Jackson must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to Jackson. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists if the evidence is sufficient to support a reasonable jury verdict in Jackson's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. False Arrest Claim

Jackson alleges he was arrested on May 10, 2006 without probable cause, in violation of his Fourth Amendment right to be free from unreasonable seizures. Parker contends he is entitled to summary judgment because Jackson's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Jackson was found guilty of a traffic violation stemming from the arrest. Even if Jackson's claim is not barred by *Heck*, Parker argues he is entitled to summary judgment because probable cause existed for Jackson's arrest and he is entitled to qualified immunity.

### A. *Heck* Analysis

In *Heck v. Humphrey*, the Supreme Court held that before a § 1983 plaintiff may recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid, [he] must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

3

determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. This requirement reflects the strong judicial policy against creating conflicting resolutions out of the same transaction. *Id.* at 484. The *Heck* rule is intended to prevent a plaintiff from collaterally attacking a criminal conviction through a civil suit. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). The court must consider whether a judgment in Jackson's favor would necessarily imply the invalidity of his conviction or sentence; if it would, his claim is not cognizable under § 1983. *Id.* at 487. *Heck* bars Jackson's civil suit if he asserts allegations inconsistent with the validity of his conviction or sentence. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

For *Heck* to apply, there must first be a conviction or sentence. 512 U.S. at 486-87. There is no dispute that Jackson was sentenced to a term of supervision for failing to keep his vehicle within designated lanes. Pl. Facts ¶ 33; Def. Resp. ¶ 33. It is also undisputed that Jackson satisfactorily completed the supervision term. Pl. Facts ¶ 34; Def. Resp. ¶ 34. The parties disagree, however, as to whether a disposition of supervision under Illinois law constitutes a conviction or sentence for purposes of *Heck*. In Illinois, a "court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant." 730 ILCS 5/5-6-1(c). When supervision is successfully concluded, "the court shall discharge the defendant and enter a judgment dismissing the charges." 730 ILCS 5/5-6-3.1(e). Discharge and dismissal is "deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." 730 ILCS 5/5-6-3.1(f). Although the state court does not enter judgment until the

conclusion of supervision, a disposition of supervision is a final order for purposes of appeal. 730 ILCS 5/5-6-3.1(d) and (h). It is against this background that the court must determine whether Jackson's term of supervision triggers *Heck*'s favorable termination rule.

The Seventh Circuit has not addressed whether a disposition of supervision in Illinois amounts to a conviction or sentence for purposes of *Heck*. It is well-settled that terms of supervision count as sentences for purposes of the federal sentencing guidelines, but those cases turned on guideline provisions that anticipated diversionary sentences where "conviction is not formally entered." *United States v. Stowe*, 989 F.2d 261, 263 (7th Cir. 1993) (quoting U.S.S.G. § 4A1.2(f)); *see also United States v. Jones*, 448 F.3d 958, 960 (7th Cir. 2006); *United States v. Moore*, 25 F.3d 563, 570 (7th Cir. 1994). These cases do not provide authority as to whether supervision counts as a conviction or sentence for *Heck* purposes, but their discussion of Illinois' supervision statute informs this court's analysis.

An order of court supervision in Illinois is not a deferred prosecution that avoids an adjudication of guilt. *Jones*, 448 F.3d at 961. Rather, an adjudication of guilt precedes the disposition of supervision. *Id.* By necessity, a defendant receiving supervision must have pled guilty to the underlying charge, or stipulated to the facts, or have been found guilty of the offense. 730 ILCS 5/5-6-1(c); *People v. Coleman*, 488 N.E.2d 1009, 1013 (Ill. 1986). As the Illinois Supreme Court noted, there is a rational basis for distinguishing those who have undergone supervision from those who have not. *Coleman*, 488 N.E.2d at 1013. The fact that a defendant has been placed on supervision may be considered as proof he committed the offense. *People v. Sheahan*, 659 N.E.2d 1339, 1343-44 (Ill. 1995). Illinois courts reject the contention that supervision cannot be considered a conviction under any circumstances. *People v.*

5

*Hightower*, 485 N.E.2d 452, 455 (1985) (supervision disposition protects only those rights and privileges statutorily denied to convicted offenders; it is not the right to be completely free of one's past conduct).

Jackson argues the judge's finding of guilty of failing to keep in lanes and the imposition of supervision does not amount to a conviction or sentence for *Heck* purposes. The court disagrees. The concerns underlying *Heck* do not cease to exist just because Parker was sentenced to supervision, as opposed to a conditional discharge or probation. *See United States v. Binford*, 723 F.3d 723, 727 (7th Cir. 1997) (supervision is functional equivalent of conditional discharge, which is the functional equivalent of probation). The successful termination of Jackson's supervision does not establish that a judicial proceeding did not occur, or suggest his guilt was not established during a bench trial. *Jones*, 448 F.3d at 961 (dismissal after supervision does not mean a magic wand erases defendant's criminal conduct). Nor does Jackson deny that his term of supervision was a penalty imposed by the state court for his offense. Jackson was entitled to directly appeal the order of supervision, but the record does not indicate that he did so. A formal finding of guilt in open court followed by a disposition of supervision does not fall outside of *Heck*'s scope merely because Illinois does not deem it a conviction for purposes of disqualification or disabilities statutorily denied to convicted offenders. 730 ILCS 5/5-6-3.1(f); *Hightower*, 485 N.E.2d at 455; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (deferred adjudications in Texas are convictions for purposes of *Heck*). The state court judge's finding of guilt and imposition of supervision constitutes a conviction and sentence for the purposes of *Heck*'s favorable termination rule.

Having determined there was a conviction and sentence, the court must consider whether a judgment in Jackson's favor in this civil suit would imply their invalidity. *Heck*, 512 U.S. at 487. Jackson argues his claim is not barred by *Heck* because his theory of liability is false arrest for the DUI charge, not false arrest for failing to keep in lanes. The argument is meritless. All charges against Jackson stem from a single traffic stop and are closely related. A finding that probable cause existed for even one of the charges would defeat his false arrest claim. *Case v. Milewski*, 327 F.3d 564, 566, 568-69 (7th Cir. 2003) (rejecting false arrest claim where plaintiff was charged with several offenses after a single episode but convicted of only one). Whether a conviction or sentence precludes a false arrest claim must be determined by examining the facts in the particular case at hand. *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (false arrest claim does not necessarily undermine a conviction); *Okoro*, 324 F.3d at 490 (*Heck* requires the court to evaluate whether plaintiff's theory includes allegations inconsistent with the validity of his conviction or sentence).

Parker correctly argues that for Jackson to succeed on his false arrest claim, it would necessarily impugn the validity of his conviction. Jackson's false arrest claim would require a trier of fact to find there was no probable cause for the charge of failing to keep in lanes. This ordinance violation occurred as part of a single episode that led to the charges against him. A finding that probable cause existed for the failing to keep in lanes charge would defeat Jackson's false arrest claim, whether or not there was probable cause to substantiate the DUI charges. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 761 (7th Cir. 2006) ("existence of *any* probable cause to arrest precludes a § 1983 suit for false arrest") (emphasis in original); *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991) (existence of probable cause is absolute bar to wrongful

7

arrest claim). The evidence against Jackson relating to the charge of failing to keep in lanes came from Parker; Jackson unsuccessfully challenged Parker's testimony in state court. In order for Jackson to prevail in this suit, a trier of fact would have to believe his version of events, namely, that he did not commit any offenses leading to his arrest. A judgment on that ground would impugn the state court's finding of guilt. Therefore, his false arrest claim is barred by *Heck*.

### B. Probable Cause

Even if the false arrest claim were not barred by *Heck*, Parker is independently entitled to summary judgment because probable cause existed for Jackson's arrest. The existence of probable cause is an absolute defense to a § 1983 false arrest claim. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause requires more than bare suspicion, but it need not be based on evidence sufficient to support a conviction or even a showing that the arresting officer's belief is more likely true than false. *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (citation omitted). Indeed, probable cause is not a precise point, but a zone within which there is room for reasonable error. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994) (citations omitted). The existence of probable cause depends on whether, at the time of arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe the suspect had committed or was committing an offense. *Sheik-Abdi*, 37 F.3d at 1246. The court must look at the facts from Parker's perspective, and not as an omniscient observer. *Id.* The determination of probable cause typically presents questions for a jury, but when the facts are undisputed or there is no room for a difference of opinion concerning

the reasonable inferences to be drawn from them, probable cause may be resolved as a matter of law. *Id.*

Parker argues there was probable cause to arrest Jackson for driving his pickup on Lake Shore Drive. There is no dispute that Jackson was driving his pickup southbound on Lake Shore Drive at the time of his arrest. There is also no dispute that Jackson's pickup displayed B-truck license plates as opposed to passenger vehicle license plates. The Illinois Vehicle Code defines "truck" as "[e]very motor vehicle designed, used, or maintained primarily for the transportation of property." 625 ILCS 5/1-211. In light of these facts, Parker had probable cause to arrest Jackson for violating the Municipal Code of Chicago § 9-72-020, providing it is unlawful to operate a vehicle designed or used for carrying freight or other goods and merchandise on Lake Shore Drive.

Jackson does not dispute it was this violation that triggered Parker's initial interest in him or that, upon executing the traffic stop, Parker informed Jackson his pickup was prohibited on Lake Shore Drive. Pl. Resp. ¶¶ 8-9, 12. It is irrelevant that Jackson was not cited for this violation because the offense establishing probable cause need not be related to offenses cited by the arresting officer. *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004); *Pourghoraishi*, 449 F.3d at 761. Given the existence of probable cause to believe Jackson violated a city ordinance, Parker is entitled to summary judgment on this ground. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) (arrest of motorist for committing a minor offense does not violate Fourth Amendment if probable cause exists); *Chortek v. City of Milwaukee*, 356 F.3d 740, 745 (7th Cir. 2004) (city ordinance violations can support an arrest as long as there is probable cause). Because the court finds there

9

was probable cause to arrest Jackson for violating the Chicago ordinance prohibiting trucks on Lake Shore Drive, it need not address whether probable cause existed for any other offenses.

### C. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil damages unless their conduct violates clearly established statutory or constitutional rights obvious to a reasonable person. *Pearson v. Callahan*, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). Qualified immunity shields a police officer from § 1983 liability if the federal law he allegedly breached was not clearly established or there is no genuine dispute of material fact that would prevent a finding that his actions were objectively reasonble. *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) (citation omitted). Jackson's constitutional right to be free from arrest without probable cause was clearly established prior to his May 10, 2006 arrest. *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) (innumerable decisions have clearly established the right to be free from arrest without probable cause). The issue is whether a reasonable officer could have believed Jackson's arrest was lawful, in light of the information possessed by the officer at the time of arrest. *Id.* If so, Parker is shielded by qualified immunity.

As discussed above, there was probable cause to arrest Jackson for violating Chicago's ordinance pertaining to the prohibition of trucks on Lake Shore Drive. The finding of probable cause is an absolute bar to Jackson's false arrest claim. *Fernandez*, 937 F.2d at 370. In addition, there was "arguable" probable cause for Jackson's arrest. Arguable probable cause exists if a reasonable police officer in the same circumstances and possessing the same information as Parker could have reasonably believed that probable cause existed. *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). An officer is entitled to summary judgment if his actions were

10

objectively reasonable. Parker's arrest of Jackson was objectively reasonable; another officer in the same situation could have reasonably believed that probable cause existed. Parker is entitled to summary judgment on Jackson's § 1983 claim on the basis of qualified immunity.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 26, 2009